UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF LOUISIANA

ARIANE DOMINIQUE HANDY                          CIVIL ACTION

VERSUS                                          NO. 13-361

MICHAEL J. ASTRUE, COMMISSIONER                 SECTION "N" (3)
SOCIAL SECURITY ADMINISTRATION

### REPORT AND RECOMMENDATION

Plaintiff filed this action pursuant to 42 U.S.C. § 405(g) for review of the final decision of the Commissioner denying her claim for supplemental security income benefits ("SSI") under Title XVI of the Social Security Act ("SSA"). The matter has been fully briefed on cross-motions for summary judgment and is ripe for review. For the following reasons, IT IS RECOMMENDED that plaintiff's motion for summary judgment be DENIED, the Commissioner's cross-motion be GRANTED, and plaintiff's case be DISMISSED WITH PREJUDICE.

## I.    BACKGROUND

Plaintiff, born on July 23, 1988, was 23 years old at the time of the final administrative decision. (Adm. Rec. at 161). When a child, plaintiff's left leg was amputated below the knee due to an injury. (*Id.* at 64). Plaintiff received SSI benefits until August 1, 2010 when she attained the age of 22 after the Commissioner determined, on August 27, 2010, that she was no longer disabled. (*Id.* at 12). As required by law, the Commissioner had to redetermine plaintiff's eligibility for disability when she attained the age of 18. (*Id.* at 12, 14). Plaintiff has a tenth-grade education and

no past relevant work experience.  (*Id.* at 28, 38).

Plaintiff sought an administrative hearing, which defendant held on October 19, 2011.  (*Id.* at 50-55).  At the time, plaintiff was unrepresented by counsel, and the administrative law judge ("ALJ") decided to afford her the opportunity to obtain counsel.  (*Id.* at 53-54).  Plaintiff informed the ALJ that she would seek counsel, and the ALJ continued the hearing.  (*Id.* at 53-55).  On January 4, 2012, the ALJ held a subsequent hearing at which plaintiff was still unrepresented.  (*Id.* at 23-49). Plaintiff and a vocational expert ("VE"), Patricia Riggle, testified at the hearing.

On March 29, 2012, the ALJ issued a decision in which she found that plaintiff had not become disabled again since August 1, 2010.  (*Id.* at 12-18).  In the decision, the ALJ concluded that plaintiff has the severe impairment of below-the-knee amputation.  (*Id.* at 14).  The ALJ held that plaintiff did not have an impairment or a combination of impairments that meets or medically equals a listed impairment under the regulations.  (*Id.*).  The ALJ found that since August 1, 2010, plaintiff retained the residual functional capacity ("RFC") to perform sedentary work except stand/walk at least 2 and up to 4 hours out of 8; occasional push/pull with the left lower extremity with the need to wear a prosthesis on the left lower extremity; no climbing ladders/ropes/scaffolds; occasional climbing ramps/stairs; occasional stooping and balancing; no kneeling; occasional crouching and crawling; with the need to avoid concentrated exposure to extreme heat/wetness/humidity; and with the need to alternate positions every hour for several minutes.  (*Id.* at 15).  The ALJ concluded that plaintiff can perform a number of sedentary jobs in the national economy in such occupations as bookkeeping/accounting clerk, receptionist and general office clerk.  (*Id.* at 17).  The ALJ thus denied plaintiff SSI benefits.  (*Id.* at 18).

Plaintiff asked the Appeals Council to review the ALJ's conclusion that she is not disabled. (*Id.* at 8). On December 13, 2012, the Appeals Council denied plaintiff's request. (*Id.* at 1-3). Plaintiff then timely filed this civil action.

## II.    STANDARD OF REVIEW

The function of a district court on judicial review is limited to determining whether there is "substantial evidence" in the record, as a whole, to support the final decision of the Commissioner as trier of fact, and whether the Commissioner applied the appropriate legal standards to evaluate the evidence. *See* 42 U.S.C. § 405(g); *Brown v. Apfel*, 192 F.3d 492, 496 (5th Cir.1999); *Martinez v. Chater*, 64 F.3d 172, 173 (5th Cir.1995); *Carriere v. Sullivan*, 944 F.2d 243, 245 (5th Cir.1991). If the Commissioner's findings are supported by substantial evidence, this Court must affirm them. *Martinez*, 64 F.3d at 173.

"Substantial evidence" is that which is relevant and sufficient for a reasonable mind to accept as adequate to support a conclusion. *Richardson v. Perales*, 402 U.S. 389, 401(1971); *Masterson v. Barnhart,* 309 F.3d 267, 272 (5th Cir. 2002).   It is more than a scintilla, but may be less than a preponderance. *Spellman v. Shalala*, 1 F.3d 357, 360 (5th Cir.1993).   A finding of no substantial evidence is appropriate only if no credible evidentiary choices or medical findings exist to support the Commissioner's decision. *See Boyd v. Apfel*, 239 F.3d  698, 704 (5th Cir. 2002).

A district court may not try the issues *de novo*, re-weigh the evidence, or substitute its own judgment for that of the Commissioner. *Carey v. Apfel*, 230 F.3d 131, 135 (5th Cir. 2000); *Ripley v. Chater*, 67 F.3d 552, 555 (5th Cir.1995); *Spellman*, 1 F.3d at 360. The Commissioner is entitled to make any finding that is supported by substantial evidence, regardless of whether other

conclusions are also permissible. *See Arkansas v. Oklahoma*, 503 U.S. 91, 112-13 (1992).  Conflicts

in the evidence are for the Commissioner to resolve, not the courts.  *Carey*, 230 F.3d at 135.  Any

of the Commissioner's findings of fact that are supported by substantial evidence are conclusive.

*Ripley*, 67 F.3d at 555.  Despite this Court's limited function on review, the Court must scrutinize

the record in its entirety to determine the reasonableness of the decision reached and whether

substantial evidence exists to support it.  *Anthony v. Sullivan*, 954 F.2d 289, 295 (5th Cir.1992);

*Villa v. Sullivan*, 895 F.2d 1019, 1022 (5th Cir.1990).

## III.     ENTITLEMENT TO BENEFITS UNDER THE ACT

To be considered disabled and eligible for disability benefits under the Act, plaintiff must

show that he is unable "to engage in any substantial gainful activity by reason of any medically

determinable physical or mental impairment which can be expected to result in death or which has

lasted or can be expected to last for a continuous period of not less than 12 months."  42 U.S.C. §§

423(d)(1)(A), 1382c(a)(3)(A).  A claimant is considered disabled only if his physical or mental

impairment is so severe that he is unable to do not only his previous work, but cannot, considering

his age, education and work experience, participate in any other kind of substantial gainful work

which exists in significant numbers in the national economy, regardless of whether such work exists

in the area in which he lives, whether a specific job vacancy exists, or whether he would be hired

if he applied for work.  42 U.S.C. § 1382(a)(3)(B).  The Commissioner has promulgated regulations

that provide procedures for evaluating a claim and determining disability.  20 C.F.R. §§ 404.1501 -

404.1599 & Appendices, §§ 416.901t-416.988 (1995).    The regulations include a five-step

evaluation process for determining whether an impairment prevents a person from engaging in any

4

substantial gainful activity.  *Id*. §§ 404.1520, 416.920; *Greenspan v. Shalala*, 38 F.3d 232, 236 (5th Cir.1994).

In *Shave v. Apfel*, 238 F.3d 592 (5th Cir.2001), the Fifth Circuit restated the five-step procedure to make a disability determination under the Social Security Act:

> The Social Security Act defines "disability" as the "inability to engage in any substantial gainful activity by reason of any medically determinable physical or mental impairment which can be expected to result in death or which has lasted or can be expected to last for a continuous period of not less than 12 months." To determine whether a claimant is disabled, and thus entitled to disability benefits, a five-step analysis is employed. First, the claimant must not be presently working at any substantial gainful activity. Second, the claimant must have an impairment or combination of impairments that are severe. An impairment or combination of impairments is "severe" if it "significantly limits [a claimant's] physical or mental ability to do basic work activities." Third, the claimant's impairment must meet or equal an impairment listed in the appendix to the regulations. Fourth, the impairment must prevent the claimant from returning to his past relevant work. Fifth, the impairment must prevent the claimant from doing any relevant work, considering the claimant's residual functional capacity, age, education and past work experience. At steps one through four, the burden of proof rests upon the claimant to show he is disabled. If the claimant acquits this responsibility, at step five the burden shifts to the Commissioner to show that there is other gainful employment the claimant is capable of performing in spite of his existing impairments. If the Commissioner meets this burden, the claimant must then prove he in fact cannot perform the alternate work.

*Shave*, 238 F.3d at 594 (quoting *Crowley v. Apfel*, 197 F.3d 194, 197-98 (5th Cir.1999)).  If the ALJ determines that a plaintiff is not disabled under Step V of the five-part test, the ALJ must establish that the claimant has a "residual functional capacity," given the claimant's age, education, and past work experience, to perform other work available in the national economy.  *Leggett v. Chater*, 67 F.3d 558, 564 n.11 (5th Cir. 1995).  Step V also requires the Commissioner to use the medical-vocational guidelines to make his disability determination.  *Id.*

The four elements of proof weighed to determine whether evidence of disability is substantial are: (1) objective medical facts; (2) diagnoses and opinions of treating and examining physicians; (3) claimant's subjective evidence of pain and disability; and (4) claimant's age, education, and work history. *Martinez v. Chater*, 64 F.3d 172, 174 (5th Cir.1995). "The Commissioner, rather than the courts, must resolve conflicts in the evidence." *Id*.

**IV.    ISSUE ON APPEAL**

There is one issue on appeal:

(1)    Whether it was clear to the VE that the exertional limitation of alternating between sitting and standing was part of the third hypothetical question posed to her by the ALJ.

**V.    ANALYSIS**

**1.    Whether it was clear to the VE that the exertional limitation of alternating between sitting and standing was part of the third hypothetical question posed to her by the ALJ.**

At the oral administrative hearing, the ALJ posed three hypothetical questions to the VE:

Q.    [P]lease consider a hypothetical individual with the same vocational factors as Ms. Handy; same age, education, past work experience; with the residual functional capacity for light work; with the ability to stand and/or walk at least two hours in an eight-hour day.

That walk – that standing and walking should be limited to four hours in an eight-hour day; with only occasional push/pull or use of foot controls with the left lower extremity. Please note, also, that the hypothetical person does have a prosthesis on the left leg.

This person would be limited further with no climbing ladders, ropes, or scaffolds; only occasional climbing of ramps or stairs; occasional balancing, stooping; no kneeling; only occasional crouching or crawling.

This person should also avoid concentrated exposure to extreme heat, wetness, and humidity.  Could you name any jobs such a person could perform?

. . .

A.   [U]nskilled jobs and cashier. . . . And receptionist and information clerks . . . . And interviewers

Q.   If I was to add the additional limitation that such a person would need to alternate sit-stand, stand-sit, perhaps every hour for several minutes, would your answer still be the same?

A.   Yes, Your Honor.

Q.   If I was to reduce the exertional level to sedentary, would any of those jobs still be available?

A.   I – no.  I would have to give you sedentary

     . . . .

A.   jobs.

     . . . .

A.   [B]ookkeeping/accounting clerks. . . . Receptionist and information clerks. . . . And general office clerks . . . .

(Adm. Rec. at 45-47).  Plaintiff contends that the ALJ's third hypothetical question – limiting plaintiff to sedentary work – was unclear whether it included the limitation of alternating between sitting and standing for several minutes every hour.  Plaintiff argues that this error warrants remand for clarification.

The Court is frankly confused by plaintiff's assertion of error.  First, there is no evidence in the record that the VE misunderstood the hypothetical.  The RFC posed by the ALJ clearly included the finding that plaintiff can walk or stand at least two and up to four hours a day.  When the ALJ decreased the exertional level in the third hypothetical to sedentary, the VE understood that to include all of the limitations set forth in the previous hypothetical questions, including the limitation that plaintiff sit-stand every hour for several minutes.  Moreover, any misunderstanding by the VE as to whether the sit-stand option was included in the third hypothetical question is harmless error, as the RFC already included the requirement to stand or walk between two and four hours per eight-hour work day.  As the Commissioner correctly notes, the Fifth Circuit has held that

7

"procedural perfection in administrative proceedings is not required. This court will not vacate a judgment unless the substantial rights of a party have been affected." *Mays v. Bowen*, 837 F.2d 1362, 1364 (5th Cir. 1988). The harmless error rule is appropriate when remand would be an idle and useless formality, as it would under the circumstances here. *Frank v. Barnhart*, 326 F.3d 618, 622 (5th Cir. 2003).

Moreover, plaintiff makes no argument and presents no evidence that she can not perform the work as stated in the ALJ's RFC assessment. Plaintiff bears the burden of proof at the first four steps of the sequential evaluation. *Greenspan*, 38 F.3d at 236. Plaintiff must thus demonstrate that she can not perform the work as listed in the RFC assessment. *See Vaughan v. Shalala*, 58 F.3d 129, 132 (5th Cir. 1995) (holding that plaintiff failed to meet her burden of proof under disability evaluation when she offered no evidence that she was incapable of performing the type of work in the ALJ's RFC assessment). Plaintiff makes no such argument here, and her claim must thus fail.

## VI. CONCLUSION

Accordingly,

**IT IS RECOMMENDED** that plaintiff's Motion for Summary Judgment be DENIED, the Commissioner's Cross-Motion be GRANTED and that plaintiff's case be DISMISSED WITH PREJUDICE.

### NOTICE OF RIGHT TO OBJECT

Objections must be: (1) specific, (2) in writing, and (3) served within fourteen (14) days after being served with a copy of this report. 28 U.S.C. § 636(b)(1); Fed. R. Civ. P. 1(a), 6(b) and 72(b). A party's failure to object bars that party from: (1) entitlement to *de novo* review by a district judge;

and (2) appellate review of the un-objected-to factual findings and legal conclusions accepted by the district court, except upon grounds of plain error. *Douglass v. United Servs. Auto. Ass'n,* 79 F.3d 1415, 1430 (5th Cir. 1996) (*en banc*).

New Orleans, Louisiana, this 3rd day of February, 2014.

**DANIEL E. KNOWLES, III**
**UNITED STATES MAGISTRATE JUDGE**